Filed 10/22/24  P. v. Vollmer CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MICHELLE VOLLMER,<br><br>  Defendant and Appellant. | A170308<br><br>(Mendocino County<br>Super. Ct. No. 23CR01136-A) |

Defendant Michelle Vollmer was placed on probation after being convicted of conspiracy to commit identity theft.  She appeals after the trial court found she had violated the terms of her probation.  Her counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant has been apprised of her right personally to file a supplemental brief, but she has not done so.[1]

---

[1] Because this appeal is not from a judgment of conviction, it is doubtful that defendant is entitled to *Wende* review.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 226–228 [appeal from postconviction order denying petition for resentencing]; *People v. Freeman* (2021) 61 Cal.App.5th 126, 134 [appeal from order revoking post release community supervision].)  However, because defendant was not informed her appeal might be dismissed if she did not file a supplemental brief, we exercise our discretion to conduct an independent review of the record.  (See *Delgadillo*, at p. 232.)

1

The victim of the identity theft reported to law enforcement that someone had used her debit card at several locations without her permission, draining her account of approximately $2,000. When the victim realized her account had been emptied, she called her financial institution and spoke with a representative, who told her that a woman had called earlier, claimed to be the victim, and provided the victim's social security number.

Videos from security cameras taken at the time of some of the transactions showed someone later identified as defendant, along with a man later identified as Evan Caster, with whom defendant lived. Questioned by law enforcement after being informed of her rights against self-incrimination, defendant acknowledged calling the victim's financial institution and providing a portion of the social security number after the debit card was declined at a retail location. She said that Caster had given her the numbers and that he told her he had found the debit card. Defendant gave permission for her home to be searched, and officers found a bag containing credit cards and driver's licenses belonging to multiple other people.

Defendant was charged with felony conspiracy to commit identity theft by obtaining and using the victim's personal identifying information (Pen. Code, §§ 182, subd. (a), 530.5, subd. (a); count 1) and acquiring or retaining the personal identifying information of 10 or more people with intent to defraud (Pen. Code, § 530.5, subd. (c)(3); count 2).

Pursuant to a negotiated disposition, on October 2, 2023, defendant pled no contest to count 1, with an understanding that she would receive two years of probation and a 90-day suspended jail term and that she could later seek reduction of the offense to a misdemeanor. Count 2 was dismissed. Defendant acknowledged she understood the constitutional rights she was giving up before entering her plea.

2

At a hearing on December 11, 2023, the trial court declined defendant's request to reduce the offense to a misdemeanor, but indicated she could seek reduction at a later time, after she had "earn[ed]" it by complying with the terms and conditions of probation. The court suspended imposition of sentence and, on December 18, 2023, placed defendant on probation with the jail term suspended.

The probation department filed a petition on January 24, 2024, alleging defendant had violated her probation by being under the influence of methamphetamine. (Health & Saf. Code, § 11550.) On February 8, 2024, defendant admitted the violation with the understanding that no additional charges would be filed against her, that she would serve the suspended 90-day term (with credit for time served), and that she would be subject to additional conditions of probation related to drug use and testing. Before defendant made this admission, the trial court advised her that she had a right to a probation revocation hearing, that at the hearing the district attorney would bear the burden of proving the violation, and that she had the right to confront witnesses, to call her own witnesses, and to testify if she so chose. She expressly waived her right to a hearing.

Defendant was ordered to turn herself in to serve her jail term by the afternoon of April 8. However, on March 25, 2024, the trial court granted her request instead to be placed on home electronic monitoring so that she could continue with her caregiving responsibilities for family members.

Defendant appealed from the February 8, 2024 order and requested a certificate of probable cause, asserting that her admission was not made freely and voluntarily, that she was not advised of the consequences of the admission, and that she received ineffective assistance of counsel. The trial court granted her request.

3

We see no error or abuse of discretion in the trial court's rulings. The record on appeal does not reveal any irregularity in defendant's admission of the probation violation. There are no meritorious issues to be argued.

## DISPOSITION

The judgment is affirmed.


TUCHER, P.J.

WE CONCUR:

FUJISAKI, J.
PETROU, J.


*People v. Vollmer* (A170308)

4